IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| DANIEL LAUREL,<br>　　Petitioner, | §<br>§<br>§ | |
| v. | § | Cause No. EP-24-CV-153-KC |
| | § | |
| WARDEN S. HIJAR,<br>　　Respondent. | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Daniel Laurel, Federal Prisoner Number 19550-479, challenges his conviction through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1. His petition is dismissed without prejudice for the following reason.

## BACKGROUND AND PROCEDURAL HISTORY

Laurel is currently confined at the La Tuna Federal Correctional Institution in Anthony, Texas, which is within the jurisdiction of this Court. *See* Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 19550-479, last visited June 13, 2024). His projected release date is November 13, 2026. *Id*.

Laurel was convicted by a jury in the Southern District of Texas on one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and two counts of money laundering, in violation of § 1956(a)(1)(B)(i) and 18 U.S.C. § 2. *United States v. Laurel*, 801 F. App'x 300 (5th Cir. 2020). He was acquitted on one count of conspiracy to structure financial transactions to evade reporting requirements, in violation of 18 U.S.C. § 371, and 31 U.S.C. §§ 5324(a)(3) and 5324(d). *Id*. He was sentenced to 115 months' imprisonment. *Id*. His conviction was affirmed by the Fifth Circuit Court of Appeals on April 14, 2020. *Id*. He did not file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

Laurel asserts four claims in his § 2241 petition. Pet'r's Pet., ECF No. 1. First, he argues

the Government lost its jurisdiction when he was acquitted of violating 18 U.S.C. § 371, and 31 U.S.C. §§ 5324(a)(3) and 5324(d). *Id.* at 6–7. Second, he maintains he did not engage in racketeering, in violation of 18 U.S.C. § 1956. *Id.* at 7. Third, he asserts 18 U.S.C. § 2 "lost its subject matter relevance" to his case because he did not commit an "offense against the United States." *Id.* Finally, he maintains the Fifth Circuit abused its discretion when it affirmed the trial court's judgment. *Id.* at 8. He asks for a hearing and an order for his immediate release from prison. *Id.*

## STANDARD OF REVIEW

As a preliminary matter, a reviewing court must determine whether a claim is properly raised in a § 2241 petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254 R. 4; *see* R. 1 ("The district court may apply any or all of these rules to a habeas corpus petition ...").

"A section 2241 petition for habeas corpus [may attack] the manner in which his sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a § 2241 petitioner must show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

By contrast, a motion to vacate or correct a sentence pursuant to § 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack*, 218 F.3d at 451 (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Relief under § 2255 is warranted for errors which

occur at trial or sentencing. *Cox,* 911 F.2d at 1114 (5th Cir. 1990); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997); *Solsona v. Warden, F.C.I.,* 821 F.2d 1129, 1131 (5th Cir. 1987). A § 2255 motion "is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'" *Clay v. United States*, 537 U.S. 522, 524 (2003) (quoting § 2255(f)). And a § 2255 movant may only bring his motion in the district of conviction and sentence. *Pack*, 218 F.3d at 452.

Consequently, a federal prisoner who wants to challenge his sentence must generally seek relief under § 2255. *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). He may challenge his sentence in a § 2241 proceeding only if his claims fall within the "savings clause" of § 2255(e). *Id.* Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

"Traditionally, courts have treated the saving clause as covering unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court." *Jones v. Hendrix*, 599 U.S. 465, 474 (2023). "The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id*. at 480.

## ANALYSIS

Laurel does not challenge "the manner in which his sentence is carried out or the prison

authorities' determination of its duration." *Pack*, 218 F.3d at 451. He challenges his conviction and sentence by claiming the trial court lacked jurisdiction and the Fifth Circuit abused its discretion when it affirmed his convictions. Pet'r's Pet., ECF No. 1 at 6–8. So, his "case concerns the interplay between two statutes: 28 U.S.C. § 2241, the general habeas corpus statute, and § 2255, which provides an alternative postconviction remedy for federal prisoners." *Jones*, 599 U.S. at 469. But Laurel does not identify unusual circumstances which make it impossible or impracticable for him to seek relief in the Southern District of Texas.

Laurel argues the Government lost its jurisdiction when he was acquitted of violating 18 U.S.C. § 371, and 31 U.S.C. §§ 5324(a)(3) and 5324(d). Pet'r's Pet., ECF No. 1 at 6–7. The jury arguably returned inconsistent verdicts of acquittal and conviction. Consequently, "[t]he Government [was] barred by the Double Jeopardy Clause from challenging the acquittal." *Bravo-Fernandez v. United States*, 580 U.S. 5, 8 (2016) (citing *Green v. United States*, 355 U.S. 184, 188 (1957)). But even if the "verdicts are rationally irreconcilable, the acquittal gains no preclusive effect." *Id.* (citing *United States v. Powell*, 469 U.S. 57, 68 (1984)).

Laurel maintains he did not engage in racketeering, in violation of 18 U.S.C. § 1956. Pet'r's Pet., ECF No. 1 at 7. His convictions under § 1956 are for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and money laundering, in violation of § 1956(a)(1)(B)(i) and 18 U.S.C. § 2—not racketeering. *Laurel*, 801 F. App'x at 300. "Under § 1956, the government was required to prove the following elements to convict [Laurel]: (1) [Laurel] conducted or attempted a financial transaction, (2) which he knew involved proceeds arising from unlawful activity, (3) with the intent to promote or further those illegal actions, or (4) with the knowledge that the transaction's design was to conceal or disguise the nature or source of

the illegal proceeds." *United States v. Pennell*, 409 F.3d 240, 243 (5th Cir. 2005). Laurel's co-conspirators testified Laurel (1) deposited cash into multiple accounts, (2) knew the cash deposits were illegal drug proceeds, (3) knew the deposits had to be kept below $10,000 to avoid the banks' reporting requirements, and (4) kept his multiple individual deposits below $10,000. *Laurel*, 801 F. App'x at 300. Laurel's bank records showed that every deposit he made was below $10,000—but often at least $9,000. *Id*. So, Laurel's bank records strongly corroborated the co-conspirators' testimony. *Id*. Laurel was found guilty by a jury—and his conviction was affirmed by the Fifth Circuit. Laurel states no specific facts to support his allegation and there is nothing in the record that suggests or implies he did not engage in money laundering. His self-serving and "conclusory statement [that he did not engage in racketeering], therefore, is insufficient to state a constitutional claim." *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980).

Laurel asserts 18 U.S.C. § 2—which provides "[w]hoever willfully causes an act to be done which if directly performed by him or another would be *an offense against the United States*, is punishable as a principal—"lost its subject matter relevance" to his case because he did not commit an "offense against the United States." Pet'r's Pet., ECF No. 1 at 7 (emphasis added). But the phrase "'offenses against the United States' … simply 'means any federal offense.'" *United States v. Fields*, 516 F.3d 923, 932 (10th Cir. 2008) (quoting *Iysheh v. Gonzales*, 437 F.3d 613, 614 (7th Cir. 2006)). The offense need not be "directed at the United States as target or victim" in order to qualify as an offense against the United States. *United States v. Gabrion*, 517 F.3d 839, 854 (6th Cir. 2008). Indeed, offenses against the United States are any offenses defined by Congress in a statute. *Cotton v. United States*, 52 U.S. 229, 231–32 (1850). Laurel was charged and convicted for violations of 18 U.S.C. §§ 1956(a)(1)(B)(i), 1956(h), and 18 U.S.C. § 2—all offenses defined by

5

Congress.

Finally, Laurel maintains the Fifth Circuit abused its discretion when it affirmed the trial court's judgment. Pet'r's Pet., ECF No. 1 at 8. But the Court is of limited jurisdiction and it has no authority to review appellate decisions.

In sum, Laurel does not rely on newly discovered evidence or a new rule of constitutional law to justify granting him relief. He provides nothing in his pleading to indicate that "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Jones*, 599 U.S. at 478. He could have raised all his claims in the sentencing court, and he offers no credible explanation as to why the sentencing court could not have addressed his issues.

## CONCLUSION AND ORDERS

The Court concludes that Laurel' cannot meet his burden of demonstrating the inadequacy or ineffectiveness of a § 2255 motion to test the legality of his sentence. *See Pack*, 218 F.3d at 451. Hence, it also concludes that it plainly appears from Laurel's petition that he is not entitled to relief under the "savings clause" of § 2255(e) and the Court does not have the jurisdiction necessary to address his claims. It accordingly enters the following orders:

**IT IS ORDERED** that that Laurel's request for an evidentiary hearing is **DENIED**.

**IT IS FURTHER ORDERED** that Laurel's *pro se* "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions in this cause are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that, to the extent that Laurel's petition may be construed

as a motion under 28 U.S.C. § 2255, he is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

    **IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

    **IT IS SO ORDERED.**

    **SIGNED this 15th day of June, 2024.**

_____
**KATHLEEN CARDONE**
**UNITED STATES DISTRICT JUDGE**